## ANNA SCHROEDER AND ANOTHER *vs.* THEODORE KING.

*A* leased certain premises, including a dwelling house, to *B* for life, by a lease containing this provision: " but only for herself to occupy for a residence," and also providing that upon any violation of its covenants the lease should thereby terminate. *B* subsequently married *C*, who with four children came to reside with her upon the leased premises.

In summary process by *A*, held that such use of the premises was no violation of the terms of the lease.

WRIT OF ERROR to reverse a judgment of a justice of the peace in summary process, brought to the Court of Common Pleas in New Haven county. The Court of Common Pleas, (*Bronson J.,*) reversed the judgment of the justice of the peace, and the defendant in error brought the record before this court by motion in error.

*Wooster* and *Ballou*, for the plaintiff in error.

*H. B. Munson*, for the defendant in error.

CARPENTER, J. The complainant leased certain premises, including a dwelling house, to his mother, one of the respondents, for life. In the body of the lease, and for the purpose of qualifying the lessee's interest, was inserted this provision: " but only for herself to occupy for a residence." The lessee covenanted for such use of the premises, to keep them in repair, to commit no waste, not to injure or misuse the same, and not to assign or underlet, or otherwise dispose of, the whole or any part of said leased premises. It was also provided that, upon any violation of said covenants, said lease should thereby terminate. The lessee subsequently intermarried with the other respondent, and he, with four children, came to reside with her upon the leased premises. The complainant complained that such use of the premises was a violation of the terms of the lease, and instituted this proceeding to recover the possession of the premises. The justice of the peace rendered judgment in his favor. The Court of Common

Pleas, upon a writ of error, reversed that judgment, and the defendant in error brings the case before this court by a motion in error.

The case turns upon the proper construction of the clause in the lease quoted above.

The defendant contends that its true meaning is that the lessee *alone* shall occupy the premises; while the plaintiffs contend that it means simply that the premises shall only be occupied for a residence, without reference to the number of persons occupying the same. We are inclined to think that the word "only" refers to the purpose for which the house was to be occupied, but not exclusively so. The whole instrument taken together clearly contemplates that the lessee shall occupy the premises in person, and such was the evident intention of the parties; but it does not follow that the narrow construction contended for by the lessor is the true one. We are not satisfied that even he originally intended that his .mother should live entirely alone; much less that she so understood it. That construction would exclude every one, relative, companion, .and friend, as well as husband. If the lessor had intended that, or if he had designed to furnish his mother with a home during her widowhood only, he would have used language clearly expressing such an intent, and would not have left it to be inferred from language of doubtful meaning.

The lease as drawn we think may fairly and reasonably be so interpreted as to allow the lessee to receive a relative, friend, or husband, as a companion. In some respects the case is an extreme one. Had the lessee married a man without a family, there would have been scarcely an appearance of· hardship in the case. The only difficulty, if any, arises from the number of children. But that difficulty is more apparent than real. The case does not find that the lessor will be thereby prejudiced—the covenants against waste and for repairs. being sufficient, if kept, to save him harmless—while there is a ·practical difficulty in drawing the line anywhere between living in solitude, and living with as many as the house will reasonably accommodate.

We are not disposed to construe the lease so as to compel

the lessee to live alone, unless it clearly appears that such was the intention of the parties. As such intention does not appear, and the parties having failed to indicate any other limit to the number of persons who should occupy the house, we cannot say that the terms of the lease have been violated.

It was suggested in the argument that the marriage of the lessee was in itself a *quasi* conveyance of her interest in the property, and amounted to a breach of her covenants not to assign, underlet, or otherwise dispose of, the whole or any part of the demised premises. If, in any sense, the marriage may be regarded as a conveyance of the wife's interest in real estate, it is certainly not such a conveyance as the parties contemplated in this lease.

The question already considered being sufficient to dispose of the case, and end the matter in controversy between the parties, we have no occasion to examine the other questions discussed.

The judgment of the court below must be affirmed.

In this opinion the other judges concurred.